**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VICTOR MANUEL SOLORZANO,** | § | |
| **#54581-177,** | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **No. 3:24-cv-2473-L** |
| | § | **(No. 3:16-cr-283-L-1)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Movant Victor Manuel Solorzano's ("Movant") *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion") (Doc.1), filed October 1, 2024.  The Government filed a response in opposition, and Petitioner filed a reply.  Docs. 11, 19.  Movant also moved for leave to amend to raise a new claim, but the Government opposed his request.  Docs. 13, 15.  Upon careful review of the pleadings, the record, and the applicable law, the Motion and request for leave to amend are **denied**.

**I.    BACKGROUND**

In 2015, Movant was indicted on six counts:  (a) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1); (b) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); (c) assault on a federal officer and aiding and abetting, in violation of 18 U.S.C. §§ 111(b) and 2 (Counts 3 and 5); and (d) discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 4 and 6).  Crim. Doc. 3.[1]  Following

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Solarzano*, 3:16-cr-00283-L-1.  All "Doc." citations refer to this § 2255 case.

**Memorandum Opinion and Order – Page 1**

a jury trial, Movant was acquitted on Count 2 but convicted on all other counts.  Crim. Doc. 85.

On November 3, 2017, the court sentenced Movant to an aggregate sentence of 567 months—147

months on Counts 1, 3, and 5 and mandatory consecutive sentences on the firearm counts of 10

years (Count 4) and 25 years (Count 6).  Crim. Doc. 116 at 2.  Movant appealed.

While his appeal was pending, Congress passed the First Step Act ("FSA").  *See* FIRST

STEP ACT OF 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  As relevant here, Congress

amended 18 U.S.C. § 924(c)(1)(C), the provision that imposes a 25-year mandatory, minimum

sentence for repeat firearms offenders, to eliminate stacking.  *See id*, § 403.  After that amendment,

the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs

*after* a prior conviction under this subsection has become final."  18 U.S.C. § 924(c)(1)(C)

(emphasis added).

On October 19, 2020, the Fifth Circuit affirmed Movant's 25-year sentence on Count 6—

the mandatory consecutive sentence for the second § 924(c)(1) conviction—finding the FSA did

not apply retroactively to Movant but vacated the sentences on Counts 1, 3, and 5 and remanded

those for resentencing without enhancement.  *United States v. Solorzano*, 832 F. App'x 276, 279

(5th Cir. 2020) ("*Solorzano I*").  On remand, the court imposed concurrent sentences of 60 months

on the remanded counts and repeatedly rejected Movant's contention that the FSA applied to him.

Crim. Doc. 222.  Movant appealed.  The Fifth Circuit affirmed finding this court "correctly

declined to reach the question of whether or not the [FSA's] retroactivity provision would change

the mandatory minimums [Movant] faced" on Count 6.  *United States v. Solorzano*, 65 F.4th 245,

249 & n. 4 (5th Cir. 2023) ("*Solorzano II*").  Movant petitioned for certiorari, which the Supreme

Court denied on October 10, 2023.  *Solorzano v. United States*, 144 S. Ct. 306 (2023).

**Memorandum Opinion and Order – Page 2**

Movant then filed this timely § 2255 Motion raising five claims of ineffective assistance of counsel and contending the court erred in denying the self-defense jury instruction, in overruling his objection to § 111 as a "Facially Void Predicate Offense," and in applying the mandate rule. Doc. 1; Doc. 6.  The Government opposed § 2255 relief, and Movant filed a reply.  Doc. 18; Doc. 19.  Movant also moved for leave to amend to raise a new claim under *Hewitt v. United States*, 606 U.S. 419 (2025), but the Government objected, arguing the amendment would be futile.  Doc. 13; Doc. 15.

## II.   LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, a movant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  *Id.* at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and the defendant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686).  Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.  Simply making conclusory allegations of deficient

performance and prejudice cannot meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III.   ANALYSIS

#### A.   Whether the Ineffective Assistance of Counsel Claims Lack Merit

Movant raises five claims of ineffective assistance of counsel with several subissues. His *pro se* pleadings are not a model of clarity or pellucid draftsmanship. Nonetheless, considering his *pro se* status, the court liberally construes his allegations (as does the Government in its well-reasoned response) to raise a claim even if it is unclear whether one was intended.

1.   Failure to challenge the indictment as multiplicitous (Ground 1)

Movant asserts his two § 924(c) offenses were multiplicitious and counsel was ineffective for failing to move to dismiss one of them. Doc. 19 at 1-2. According to Movant, the two § 924(c) offenses "were really one offense." *Id.* at 2. He argues there was one "continuous course of relevant conduct" because he assaulted M.B. and J.S. with the same firearm and "during the same continuous and contemporaneous criminal episode." *Id.* Movant's position is unpersuasive, however.

As summarized in the Presentence Report ("PSR"), there were two § 924(c) offenses not one. Crim. Doc. 95-1, PSR ¶¶ 10-14. "[T]he unit of prosecution for § 924(c)(1) is the use, carriage, or possession of a firearm during and in relation to a predicate offense." *United States v. Phipps*, 319 F.3d 177, 186 (5th Cir. 2003). The record here confirms there were multiple uses—more than one brandishing and more than one discharging—of two firearms. PSR ¶¶ 13-14. There were also two assaults: (1) the initial assault of M.B. when Movant pointed a firearm at him to intimidate him and then fired multiple shots at him as he bolted for cover, and (2) the subsequent assault on

the truck driven by J.S. as he drove away after M.B. managed to jump into the truck during a pause in the shooting.  PSR ¶¶ 13-14.

Movant's reliance on Sixth Circuit precedent cited in *United States v. Burnette*, 170 F.3d 567, 572 (6th Cir. 1999), to argue there was one continuous course of relevant conduct, is misplaced.  In *United States v. Johnson*, 25 F.3d 1335, 1338 (6th Cir. 1994), unlike here, the firearm possession was "in conjunction with predicate offenses involving simultaneous possession of different controlled substances[.]" *Burnette*, 170 F.3d at 572.  The substances were discovered at the same time during the execution of a search warrant at the defendant's residence.  *Id.*

Because there were two separate firearm offenses in Movant's case, the § 924(c) counts were not multiplicitous.  Movant's counsel was therefore not constitutionally ineffective for failing to make a meritless objection.  *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").

Movant's two other claims, as far as he raises them, also fail.  Doc. 6 at 5.  As the Government aptly notes, "§ 924(c) 'establishes a separate, freestanding offense that is distinct from the underlying [predicate offense].'" *Rosemond v. United States*, 572 U.S. 65, 75 (2014) (citation omitted).  Movant was thus properly charged with a § 924(c) offense and its underlying predicate offense (a § 111 assault on a federal officer).  *See Phipps*, 319 F.3d at 185 ("[T]he unit of prosecution for § 924(c)(1) is the use, carriage, or possession of a firearm during and in relation to a predicate offense").

Likewise, because there were at least two assaultive acts, as explained above—initial firings at M.B. and later firings at J.S.'s truck after M.B. jumped in—Movant's § 111 offenses were not multiplicitous.  *See Cameron v. United States*, 320 F.2d 16, 17-18 (5th Cir. 1963) (finding

**Memorandum Opinion and Order – Page 5**

the petitioner was properly convicted of two assaults where he and his co-defendant shot "as many as five shots" at two officers); *United States v. Williams*, 446 F.2d 1115, 1116 (5th Cir. 1971) (per curiam) (collecting cases holding "when the defendant does more than one act resulting in an assault of more than one officer he may be charged separately for each officer"); *United States v. Montanaro*, 362 F.2d 527 (2d Cir. 1966) (affirming conviction on two counts of assault on federal officers who were struck by defendant's automobile when they tried to arrest defendant).   In short, any assertion that counsel should have raised the above claims would have been meritless.  Counsel cannot be deemed ineffective for failing to make futile objections.  *See Preston*, 209 F.3d 783, 785.

### 2.   Failure to contest § 111 as a predicate for § 924(c) offenses (Ground 2)

Movant also maintains that "his § 111 convictions [are] unconstitutionally vague" because they could have been "committed without requisite knowledge of WHO you are assaulting."  Doc. 6 at 8-10.  He purports to rely on *Johnson v. United States*, 576 U.S. 591 (2015).  *Johnson* is inapposite, however, and Movant does not allege, much less show, how *Johnson*'s holding—that the residual clause of the Armed Career Criminal Act's is unconstitutionally vague—applies here.

Moreover, in *United States v. Varkonyi*, 645 F.2d 453, 457 (5th Cir. 1981), the Fifth Circuit found that § 111 (addressing the original, pre-amendment statute) is not unconstitutionally vague because it (1) is "sufficiently certain to give a person of ordinary intelligence fair notice that his contemplated activity [was] forbidden" and (2) "meets the test of definiteness."  In interpreting the present statute, which is clearer than the original version, this court continues to apply *Varkonyi* to conclude that § 111 is not vague.  *See United States v. Whitaker*, No. 3:20-cr-179-M, 2020 WL 7770247, at *1 (N.D. Tex. Dec. 30, 2020) (Lynn, C.J.) (declining to dismiss § 111 count as unconstitutionally vague because *Varkonyi* is binding precedent); *see also United States v.*

**Memorandum Opinion and Order – Page 6**

*Beasley*, 3:20-cr-36, 2021 WL 96250, at *3 (S.D. Miss Jan 11, 2021) (concluding *Varkonyi* is binding precedent but, even if it is not, the present version of § 111 is not vague).

Additionally, Movant's contention that the categorical approach should have been applied to determine whether he acted in self-defense lacks legal support. Doc. 6 at 9-10. Movant conflates two distinct legal concepts. The categorical approach does not apply to determine whether he acted in self-defense so that he could not be convicted of the § 111 assaults. Instead, whether the defendant acted in self-defense is a jury question. *See United States v. Anderson*, 93 F.4th 859, 867 (5th Cir. 2024) (addressing whether there was sufficient evidence to support the jury's finding that the defendant did not act in self-defense).[2]

In brief, Movant has not shown deficient performance or prejudice.

### 3.   Failure to raise *Alleyne* challenge (Ground 3)

Movant alleges next that counsel rendered ineffective assistance in failing to contend that (1) the knowledge of the officer's official capacity is an element of a § 111(a) offense under "the presumption-of-scienter doctrine" and thus that (2) it "should have been charged in the indictment and proved to the jury beyond a reasonable double" under *Alleyne v. United States*, 570 U.S. 99, 103 (2013). Doc. 19 at 2; Doc. 6 at 11-12. In his reply, Movant cites *Ruan v. United States*, 597 U.S. 450 (2022), as further support for his "presumption of scienter" assertion. Doc. 19 at 2-3. His arguments lack foundation, however.

In *United States v. Feola*, the Supreme Court held that 18 U.S.C. § 111, the statute prohibiting assault of a federal officer, does not require a defendant to know the victim is a federal officer. 420 U.S. 671, 676-77, 684 (1975). Instead, "[a]ll the statute requires is an intent to

---

[2] During the charge conference in Movant's case, the court determined that the evidence did not support a self-defense jury instruction. Crim. Doc. 140 at 33-42.

**Memorandum Opinion and Order – Page 7**

assault," and the victim's employment serves only as the offense's jurisdictional element.  *Id.* at 684.

Generally, a criminal statute's jurisdictional element has "nothing to do with the wrongfulness of the defendant's conduct" and so is "not subject to the presumption in favor of scienter."  *Rehaif v. United States*, 588 U.S. 225, 230 (2019).  Further, in *Ruan* and *Rehaif*, the Supreme Court addressed statutory clauses that "play[ed] a critical role in separating a defendant's wrongful from innocent conduct."  *Ruan*, 597 U.S. at 461 (statute provided "[e]xcept as authorized by this subchapter, it shall be unlawful for any *person knowingly or intentionally ...* to manufacture, distribute ... a controlled substance (emphasis in original)); *see Rehaif*, 588 U.S. at 227 (statute directed enhanced punishment for "anyone who '*knowingly* violates [the underlying statute]").

Here, the plain and unambiguous language of § 111(a)(1) requires only "an intent to assault." *Feola* , 420 U.S. at 684.  It does not contain any statutory clause that references a person's intent or knowledge of wrong doing.  Stated another way, the statutory text incorporates no "scienter provision" as in *Ruan*, 597 U.S. at 461— the knowledge of the officer's official capacity is not an "element separating legal innocence from wrongful conduct."  *United States v. Lopez-Sanchez*, No. 21-60082, 2021 WL 5119714, at *1 (5th Cir. Nov. 3, 2021) ("The plain text of § 111 ... contains no scienter-based enhancement.").  Indeed, the text of § 111(a)(1) does not require a heightened showing of *mens rea* to avoid criminalizing otherwise lawful conduct.  *Id.*; *see also United States v. Evans*, 74 F.4th 597, 604 (4th Cir. 2023) (distinguishing *Ruan* and holding federal-ownership requirement of 18 U.S.C. §1855, the statute criminalizing setting fire to federal lands, was not an element that separates wrongful conduct from innocent act).

Based on the above, Movant's arguments are fundamentally flawed, and any objection by counsel would have been meritless.  Thus, counsel was not constitutionally ineffective.

**Memorandum Opinion and Order – Page 8**

4. Failure to move to suppress evidence (Ground 3)

Additionally, Movant alludes in passing to counsel's failure to file a "Rule 41 challenge to Federal violations surrounding the TFO's illegal renegade execution of the Trafficking Device Warrant." Doc. 6 at 11. To the extent that Movant asserts counsel was ineffective for failing to move to suppress, he does not meet his high burden of proving deficient performance or prejudice.

First, his claim is conclusory. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282. Second, there was no evidence to suppress, as the Fifth Circuit found on direct appeal. *See Solorzano I*, 832 F. App'x at 280 ("Solorzano cannot point to any evidence directly procured from the tracking device because it was never used."). Third, any motion to suppress Movant's assaultive conduct based on an ostensibly invalid execution of the tracking-device warrant would have been meritless as the Fifth Circuit concluded. *Id.* ("[Movant] cites no case law for the dubious proposition that a defendant's life-threatening assault on law enforcement officers should be excluded because they installed a warrantless tracking device").

In summary, because Movant's suppression claims lack merit, his trial counsel was not ineffective for failing to present them.

5. Failure to request *Brady-Giglio* material (Ground 3)

To end, Movant complains counsel did not "demand *Brady-Giglio* material" and did not object to the Government's supposed failure to produce "the Designation Form required to officially designate state officers as custom officers" and an "ICE Directive or Memorandum of Agreement executed with ICE and the sponsoring agency" as "Brady and Giglio violations." Doc. 1 at 7; Doc. 6 at 11. He again fails to meet his burden of proving deficient performance or prejudice.

**Memorandum Opinion and Order – Page 9**

Firstly, Movant's assertions are plainly conclusory. Secondly, the Fifth Circuit considered the documents on direct appeal and found they did not constitute "favorable" and "material" information under *Brady*. *See Solorzano I*, 832 F. App'x at 281 & n.2 (holding the documents "do not support [Movant's] position that the officers were not acting as federal officers during th[e] time" of [Movant's] assaultive conduct and thus "do not pose a reasonable probability of a different outcome"). Consequently, Movant cannot show deficient performance or prejudice as a result of counsel failure to make a *Brady-Giglio* objection.

To sum up, Movant fails to make the *Strickland* showing and his five claims of ineffective assistance of counsel have no merit.

### B. Whether the Court Erred in Denying Self-Defense Jury Instruction (Ground 4)

Next, Movant challenges the court's denial of a self-defense or honest-mistake jury instruction. Doc. 1 at 8; Doc. 6 at 13; Doc. 19 at 3. He insists that the jury could not have convicted him of "act[ing] with the necessary mens rea of intent to assault a law officer." Doc. 19 at 3.

Because Movant did not present this claim on direct appeal, it is procedurally barred, absent a showing of cause and prejudice or that he is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). Movant does not allege anything that would meet either the cause and prejudice or the actual innocence requirements. Doc. 19.

The claim is also meritless. The court concluded during the charge conference that the evidence did not support a mistake-of-fact or defense jury instruction. Crim. Doc. 140 at 33-42. The court emphasized that the evidence showed no "assault" or "aggressive action" by the officers—the officers "never fired a shot" and "were retreating." Crim. Doc. 140 at 33-35. M.B.

**Memorandum Opinion and Order – Page 10**

retreated and then ran when Movant and his cousin first began shooting at him.  Crim. Doc. 140 at 33; PSR ¶ 13.  M.B. continued to retreat and later fled with J.S. in the truck when Movant and his cousin recommenced firing, striking the truck over 20 times.  PSR ¶¶ 14, 25.  The court highlighted that Movant was the aggressor and his "use of force was excessive."  Crim. Doc. 140 at 35.  Likewise, the court rejected as unsupported by the evidence any contention that Movant was defending against a supposed assault and theft or property damage.  Crim. Doc. 140 at 40-41.

### C.  Whether Claim that § 111 is a "Facially Void Predicate Offense" (Ground 5)

Movant also vaguely asserts that the court lacked "[j]urisdiction to enhance [his] federal sentence under the § 924(c) firearms statute[]" because § 111 is a "facially void predicate offense under the categorical approach."  Doc. 1 at 10.  As the Government aptly notes, this claim is fatally vague and conclusory and, having failed to raise it on direct appeal, it is also procedurally defaulted.  Doc. 18 at 40-41.  Markedly, Movant's reply is silent about either the cause and prejudice or the actual innocence requirements.  Movant's claim also fails on the merits for the detailed reasons discussed in the Government's response, which strikingly Movant does not rebut in his reply.  Doc. 18 at 41-43.  Movant has also presented no authority to support his contentions.

### D.  Whether the Court Erred in Applying Mandate Rule (Ground 6)

In his last ground, Movant contends the court erred in (1) applying the mandate rule on remand from his first appeal and (2) finding it lacked the authority to resentence him on the § 924(c) counts under § 403 of the FSA.  Doc. 1 at 10.  He asserts the ruling misapplied the law-of-the-case doctrine resulting in a miscarriage of justice.

To start, Movant's claim is barred by the law-of-the-case doctrine.  In the second appeal, the Fifth Circuit affirmed this court's conclusion that "the mandate of Solorzano I encompassed only Counts 3 and 5" and, so, it "correctly declined to reach the question whether or not the [FSA's] retroactivity provision would change the mandatory minimums [Movant] faced." *Solarzano II*, 65 F.4th 245, 249 (5th Cir. 2023).  The Fifth Circuit's decision in the first appeal thus constitutes law of the case for purposes of this § 2255 action.  *See United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014) (finding claims that are raised and rejected on direct appeal cannot be raised under § 2255 (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986))); *see also Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).  Consequently, Movant's claim that this court erred in applying the mandate rule cannot be considered now on collateral attack.

Even so, the court will not revisit the Fifth Circuit's determination based solely on conclusory, unsupported assertions that the mandate rule "contravenes the separation of powers doctrine," "conflicts with the principles of federalism," and constitutes a "miscarriage of justice." Doc. 6 at 16-18.

## IV.    MOTION TO AMEND TO RAISE NEW CLAIM

Movant moves to amend to raise a claim under *Hewitt v. United States*, 606 U.S. 419 (2025).  Doc. 13.  The Government opposes the proposed amendment as futile.  Doc. 15.

Although Movant timely filed his original § 2255 motion, he did not move to amend until January 29, 2025, considering the prison mailbox rule.  Doc. 13 at 2.  This was well passed the one-year statute of limitations of October 10, 2024.  *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003).

Movant also seeks to introduce a new claim, based on a new legal theory and facts different from those underlying his original claims.  *See* FED. R. CIV. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (concluding that only claims "tied to a common core of operative facts" as the claims in the original petition will relate back).  The factual premise for the proposed *Hewitt* claim is that Movant was resentenced on the § 924(c) offenses (Counts four and six) *after the FSA was enacted* on December 21, 2018.  In his § 2255 motion, however, Movant argued the misapplication of the mandate rule in his first appeal, which is based on the factual premise that he was <u>not</u> resentenced on the 924(c) counts.

Consequently, Movant's newly proposed claim differs from the factual premise of his original claim.  As such, it does not relate back to his prior claims and the amendment is not permitted.  *See Felix*, 545 U.S. at 650 ("a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" does not relate back and, hence, is time barred); *see also United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009).

Even so, Movant's new *Hewitt* claim is unavailing.  The Supreme Court in *Hewitt* held that "all first-time § 924(c) offenders who appear for sentencing after the [FSA's] enactment date— including those whose previous § 924(c) sentences have been vacated and who thus need to be resentenced—are subject to the [FSA's] revised penalties."  606 U.S. 440.  Because of the Fifth Circuit's ruling in *Solorzano II*, Movant's § 924(c) sentences were **not** vacated and he did **not** need

**Memorandum Opinion and Order – Page 13**

to be resentenced on the § 924(c) offenses after the FSA's enactment.    Consequently, he has no

*Hewitt* claim.  Movant's motion to amend is therefore denied as futile.

**V.      CONCLUSION**

For the reasons set forth, Movant's Motion to Amend and his Motion to Vacate, Set Aside,

or Correct Sentence under 28 U.S.C. § 2255 are **denied**, and this case is **dismissed with prejudice**.

**It is so ordered** this 1st day of May, 2026.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 14**